IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TONY PILLOW, JR. and GILECIA PILLOW,** | § § § § § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. **3:17-CV-1952-L** |
| | § § | |
| **US BANK NATIONAL ASSOCIATION as TRUSTEE, as Trustee for GSMPS Mortgage Loan Trust 2006-RP1**, | § § § § § | |
| Defendant. | § | |

## ORDER

Before the court is Defendant's Motion to Dismiss (Doc. 11), filed February 16, 2018. Pursuant to a standing order of reference, United States Magistrate Judge Irma Carrillo Ramirez entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on July 18, 2018, recommending that the court grant the motion to dismiss and dismiss with prejudice Plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6) unless Plaintiffs moved for leave within fourteen days to file an amended complaint.

Plaintiffs did not file objections to the Report. They, instead, filed an Opposed Motion for Leave to File First Amended Complaint to Add Party (Doc. 22) ("Motion for Leave") on August 2, 2018. Attached to their motion is a copy of Plaintiffs' proposed First Amended Complaint, which, contrary to the heading of the motion, does not seek to add a new party. On August 3, 2018, the magistrate judge entered an order allowing Defendants to file a response to the Motion for Leave by

August 16, 2018, but ordered that Plaintiffs may not file a reply in support of their motion. On August 15, 2018, Defendant responded to the Motion for Leave, contending that the Plaintiffs should not be granted leave to amend their pleadings because their proposed First Amended Complaint fails to state a claim upon which relief can be granted and, thus, amendment is futile.

Plaintiffs, who are represented by counsel, acknowledge that Federal Rule of Civil Procedure 16(b) applies to their motion for leave, as the time for amendment of pleadings expired before they sought leave to amend. Plaintiffs' motion incorrectly states that the pleading deadline expired December 21, 2017, when it actually expired February 14, 2018, two days before Defendants filed their Motion to Dismiss. Plaintiffs do not explain why they did not seek leave to amend their pleadings before expiration of the pleading amendment deadline. They, instead focus on the other three factors for determining whether a untimely motion for leave to amend pleadings should be granted under Rule 16(b): "(2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." Pls.' Mot. 2 (quoting *S&W Enters., L.L.C. v. South Trust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003)).

Before the court can modify a scheduling order and grant leave to amend a pleading under Rule 15(a) of the Federal Rules of Civil Procedure, the movant must first show "good cause" for failure to meet the scheduling order deadline under Rule 16(b). *S & W Enters., L.L.C.*, 315 F.3d at 536 ("Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired."). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). The good cause standard requires the "party seeking relief to show that the deadlines [could not] reasonably be met despite the diligence of the party needing the extension." *S & W*, 315

F.3d at 535 (citation omitted). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Id*. at 536. In deciding whether to allow an untimely amendment, a court considers "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id*. (internal quotation marks, brackets, and citations omitted).

While Plaintiffs do not explain why they did not or could not have sought leave to amend their pleadings under Rule 15(a) before expiration of the pleading amendment deadline or, once as a matter of course, within 21 days after Defendants filed their Motion to Dismiss, the court determines that Plaintiff's Motion for Leave should be granted. Even if Defendants are correct that Plaintiffs' proposed First Amended Complaint fails to state a claim upon which relief can be granted, the court believes that this issue is better resolved after full briefing by the parties in the context of a Rule 12(b)(6) motion to dismiss rather than a motion for leave to amend pleadings in which Plaintiffs were not given the opportunity to file a reply in support of their motion. Moreover, Plaintiffs have not previously amended their pleadings, and Defendants do not contend, and the court determines, that Defendants will not suffer any legal prejudice if the proposed amended pleading is allowed and Defendants are required to file another motion to dismiss.

Accordingly, having reviewed the parties' motions, pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Instead of granting Defendants' Motion to Dismiss, however, the court **denies without prejudice** the Motion to Dismiss (Doc. 11) and **grants** Plaintiffs' Opposed Motion for Leave to File First Amended

Complaint (Doc. 22). Further, the court **directs** the clerk of the court to file as a separate docket with a file date of September 5, 2018, Plaintiff's First Amended Complaint that is attached as an exhibit to their Motion for Leave such that Defendants' deadline for moving to dismiss the First Amended Complaint shall be calculated and run from September 5, 2018.

**It is so ordered** this 5th day of September, 2018.

Sam A. Lindsay
United States District Judge