IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TONY PILLOW, JR. and GILECIA PILLOW,<br>　　　　　Plaintiffs,<br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR GSMPS MORTGAGE LOAN TRUST 2006-RP1,<br>　　　　　Defendant. | §<br>§<br>§<br>§  Civil Action No. 3:17-CV-1952-L-BH<br>§<br>§<br>§<br>§<br>§  Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court for recommendation is *Defendant's Motion to Dismiss*, filed September 14, 2018. (doc. 27.) Based upon the relevant filings and applicable law, the motion should be **GRANTED.**

**I.  BACKGROUND**

This case involves the attempted foreclosure of real property located at 215 Deer Field Court, Cedar Hill, Texas, 75104 (the Property).[2] (doc. 1-4 at 3.)[3] On August 29, 2003, Gilecia Pillow (Wife) executed a Note in favor of KB Home Mortgage Company, an Illinois Corporation (KB Home) for a loan in the principal amount of $166,388.00. (*Id*.) Wife contemporaneously executed

---

[1] By *Standing Order of Reference* dated September 22, 2017, (doc. 8), this case was referred for full case management, including the determination of non-dispositive motion and issuance of findings of fact and recommendations on dispositive motions.

[2] The Property is also identified as:

> BEING LOT 8, IN BLOCK G, OF THE RESERVE AT HIGH POINTE, PHASE 1, AN ADDITION TO THE CITY OF CEDAR HILL, DALLAS COUNTY, TEXAS, ACCORDING TO THE MAP THEREOF RECORDED IN VOLUME 2001 I 10, PAGE 35 OF THE MAP RECORDS OF DALLAS COUNTY, TEXAS.

 (doc. 1-4 at 2.)

[3] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

a Deed of Trust that granted a security interest in the Property to KB Home to secure repayment under the Note. (docs. 1-4 at 3; 29 at 4-13.) Under the terms of the Deed of Trust, Wife and her husband, Tony Pillow, Jr. (Plaintiffs), would be in default if they failed to timely pay the full amount of each required monthly payment, and subject to acceleration of the loan and foreclosure proceedings on the Property. (doc. 29 at 8-10.) The Deed of Trust identified Mortgage Electronic Registration Systems, Inc. (MERS) as beneficiary, "[s]olely as nominee for [KB Home] . . . and [its] successors and assigns." (*Id*. at 4.) On July 12, 2011, MERS executed an Assignment of Deed of Trust to U.S. Bank, as Trustee for GSMPS Mortgage Loan Trust 2006-RP1 (Defendant), which was later filed and recorded in the property records of Dallas County, Texas, on July 14, 2011. (*Id*. at 15-17.) On July 17, 2015, Plaintiffs executed a Loan Modification Agreement with Defendant that modified the amount of each monthly payment due under the Note and Deed of Trust, which was subsequently filed and recorded in the Dallas County property records. (*Id*. at 19-26.)

After Plaintiffs "were unable to pay the mortgage for a few months," they were held in default by Defendant under the Deed of Trust, and the Property was scheduled for foreclosure sale on June 6, 2017, by a Notice of Substitute Trustee's Sale. (docs. 1-4 at 3; 29 at 28-29.) The day before the foreclosure sale, Plaintiffs filed suit in the 116th District Court of Dallas County, Texas, asserting claims for quiet title, fraud, breach of contract, violation of the Texas Debt Collection Practices Act (TDCPA), trespass to try title, and wrongful foreclosure. (*See* doc. 1-4.) The 116th District Court issued a Temporary Restraining Order (TRO) enjoining the sale of the Property for fourteen days, (*see* doc. 1-7), and the foreclosure sale was cancelled, (*see* docs. 1-12; 29 at 31-41).

On July 24, 2017, Defendant removed this action to federal court asserting diversity jurisdiction under 28 U.S.C. § 1332. (doc. 1 at 1-2.) It moved to dismiss this action for failure to

state a claim on February 16, 2018. (doc. 11.) On July 18, 2018, it was recommended that the motion to dismiss be granted, but that Plaintiffs be afforded the opportunity to file a proper motion for leave to amend their complaint within the fourteen-day objection period, or a deadline otherwise set by the Court. (doc. 21 at 20.) If Plaintiffs timely filed a proper motion for leave to amend their complaint that was granted, then Defendant's motion to dismiss should be denied as moot, and the case should be allowed to proceed on the amended complaint. (*Id.*)

On August 2, 2018, Plaintiffs filed a motion for leave to amend that was granted, and Defendant's motion to dismiss was accordingly denied as moot. (docs. 22, 25.) Plaintiffs' amended complaint was filed on September 5, 2018. (doc. 26.) It alleges that prior to the foreclosure sale, Plaintiffs did not receive "the twenty-day notice of default [and] intent to accelerate as required by State and Federal Law," or the "in person consultation required under Federal Law." (*Id.* at 3.) It also claims that Defendant did not "follow[] [the] notice requirements in the Deed of Trust," and never provided Plaintiffs with "a notice of default and/or acceleration of the note." (*Id.*) Plaintiffs assert a claim for breach of contract and for violation of the Texas Debt Collection Practices Act (TDCPA) contained in Chapter 392 of the Texas Finance Code. (*Id.* at 3-4.) They seek rescission of the trustee's sale or, in the alternative, "actual damages for the lost equity and the mental distress" resulting from the "improper" or "potential" sale of their property. (*Id.* at 4.) Plaintiffs also seek statutory, actual, compensatory, and punitive damages, reasonable and necessary attorney's fees, court costs, pre- and post-judgment interest, and all other relief to which they may be justly entitled.[3] (*Id.* at 5.)

---

[3] Plaintiffs' amended complaint appears to abandon their claims in their original complaint for quiet title, fraud, trespass to try title, and wrongful foreclosure, as well as their request for declaratory relief.

On September 14, 2018, Defendant moved to dismiss Plaintiffs' amended complaint, (doc. 27), but Plaintiffs did not respond. This motion is now ripe for recommendation.[4]

## II. DEFENDANT'S MOTION TO DISMISS

Defendant moves to dismiss Plaintiffs' amended complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (doc. 27.)

### A. Legal Standard

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).

Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action's elements will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above

---

[4] On February 4, 2019, Wife filed for bankruptcy under Chapter 13 of the United States Bankruptcy Code. (*See* doc. 32.) The Chapter 13 Trustee appointed in the bankruptcy asserts no interest in the Property and does not claim to be "the real party in interest." (*See* doc. 34.)

4

the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 683.

As noted, a court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196. When a party presents "matters outside the pleadings," a court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 193 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007). However, "[i]f . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Nevertheless, "pleadings" for purposes of a motion to dismiss include attachments to the complaint. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted). Similarly, documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins*

5

*v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (citation omitted); *accord Benchmark Elecs., Inc.*, 343 F.3d at 725. Accordingly, documents falling in these categories may be properly considered without converting the motion to dismiss into a motion for summary judgment.

Defendant attached to its motion to dismiss copies of the Deed of Trust, the Assignment of Deed of Trust, the Loan Modification Agreement, the Notice of Substitute Trustee's Sale, and copies of the Dallas Central Appraisal District (DCAD) printout for the subject property. (doc. 29.) Because these documents are either referenced in Plaintiffs' amended complaint or are central to their general theory of the case, they are considered part of the pleadings. *See Collins*, 224 F.3d at 498-99. These documents, other than the DCAD printout, are also matters of public record that can be judicially noticed in considering a Rule 12(b)(6) motion. *See* Fed. R. Evid. 201(b)(2); *Matter of Manges*, 29 F.3d 1034, 1042 (5th Cir. 1994) (taking judicial notice of "unimpeached certified copies of . . . deeds and assignments"). Because the attached documents are either part of the pleadings or subject to judicial notice, they may be considered without conversion of Defendant's motion into a motion for summary judgment. *See Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007).

**B.     Breach of Contract**

Defendant argues that Plaintiffs' breach of contract claim fails because the amended complaint does not allege that they performed their obligations under the Deed of Trust. (doc. 28 at 15-17.)

The essential elements of a breach of contract claim in Texas are: (1) the existence of a valid contract; (2) breach of the contract by the defendant; (3) performance or tendered performance by the plaintiff; and (4) damages sustained by the plaintiff as a result of the defendant's breach. *Mullins*

*v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (citing *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.–Houston [14th Dist.] 2005, pet. denied)).[5]

Plaintiffs' amended complaint alleges that under the Deed of Trust, "Defendant [was] provided a way to allow [them] to cure or reinstate the Deed of Trust." (doc. 26 at 4.) It claims that they attempted to enforce "that provision" and were "provided options," but "[a]t no time did Defendant provide the option to reinstate or provide a means for the reinstatement to happen," and that "Defendant's failure to provide that reinstatement option was a breach of the Deed of Trust." (*Id.*) It appears to identify the Deed of Trust as the valid contract and the Defendant's breach as the alleged failure to provide Plaintiffs the "reinstatement option" or "a means for the reinstatement to happen." (*See* doc. 26 at 4.)

The amended complaint fails to allege that Plaintiffs tendered performance by making payments as required under the Deed of Trust, however, and instead states that "[d]ue to financial distress, Plaintiffs were unable to pay the mortgage for a few months." (doc. 26 at 2); *see Kiper v. BAC Home Loans Servicing, LP*, 884 F. Supp.2d 561, 575 (S.D. Tex. 2012), *aff'd by* 534 F. App'x 266 (5th Cir. 2013) (holding that plaintiff's wife (the actual borrower) had "defaulted on her obligation to repay the mortgage loan, which mean[t] [plaintiff] [could not] show the second element of a breach of contract claim, performance by plaintiff"). Because the amended complaint concedes

---

[5] "It is a long-recognized principle that federal courts sitting in diversity cases 'apply state substantive law and federal procedural law.'" *Shady Grove Orthodpedic Assoc., P.A., v. Allstate Ins. Co.*, 559 U.S. 393, 417 (2010) (quoting *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)). Here, the contracts were made in Texas and include choice of law clauses stating that the contracts are to be governed by the "law of the jurisdiction in which the Property is located." (docs. 13-1 at 7, para. 14; 29 at 9, para. 14); *see De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1413 (5th Cir. 1995) (quoting *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 421 (Tex. 1984) ("[T]he law of the state with the most significant relationship to the particular substantive issue will be applied to resolve that issue."); *see also Faloona by Fredickson v. Hustler Magazine, Inc.*, 799 F.2d 1000, 1003 (5th Cir. 1986) (citing *Duncan*, 665 S.W.2d at 421) (contacts to take into account in determining the applicable law include the place of contracting and place of performance). The parties do not dispute that Texas law applies.

that they failed to tender performance as required under the Deed of Trust, Plaintiffs are unable to state a claim for breach of contract, and it should be dismissed. *See Williams v. Wells Fargo Bank*, N.A., 560 F. App'x 233, 238 (5th Cir. 2014) (holding that when "plaintiffs fail to allege they were current on their payments under the deed of trust, dismissal of their breach of contract claim is proper").[6]

**C.      TDCPA**

Defendant argues that Plaintiffs' claim under the TDCPA fails as a matter of law because the TDCPA "does not apply to [Defendant's] conduct in the instant facts," and "Plaintiffs assert only a bare-bones claim that [Defendant] violated the TDCPA." (doc. 28 at 12-14.)

"The TDCPA prohibits debt collectors from using various forms of threatening, coercive, harassing or abusive conduct to collect debts from consumers." *Merryman v. JPMorgan Chase & Co.*, No. 3:12-CV-2156-M, 2012 WL 5409735, at *4 (N.D. Tex. Oct. 12, 2012), *adopted by* 2012 WL 5409749 (N.D. Tex. Nov. 5, 2012). It "allows a consumer to sue a debt collector attempting to collect a debt for threats, coercion, oppression, harassment, abuse, unfair or unconscionable collection methods, or fraudulent, deceptive or misleading misrepresentations made in connection with the collection of a debt." *Huerta v. CitiMortgage, Inc.*, No. 3:11-CV-1515-BH, 2011 WL 13228994, at *3 (N.D. Tex. Dec. 12, 2011) (citing Tex. Fin. Code §§ 392.301-304). A claimant must show: (1) the debt is a consumer debt; (2) the defendant is a debt collector, as defined under the TDCPA; (3) the defendant committed a wrongful act in violation of the TDCPA; (4) the wrongful act was committed against the plaintiff; and (5) the plaintiff was injured as a result of the

---

[6] Defendant also seeks to dismiss Plaintiffs' amended breach of contract claim on grounds that there are no damages because the foreclosure sale did not go forward, and that they fail to identify the specific contract provisions allegedly breached. (doc. 28 at 15-17.) Because Plaintiffs' claim is otherwise subject to dismissal, it is unnecessary to reach these arguments.

defendant's wrongful act. Tex. Fin. Code §§ 392.001-392.404. The TDCPA defines a "debt collector," in relevant part, as "a person who directly or indirectly engages in debt collection." *Id.* § 392.001(6). "Debt collection" is defined as "an action conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor." *Id.* § 392.001(5).

Here, Plaintiffs generally allege that Defendant "qualif[ies] as a debt collector for purposes of the TDCPA" and that "[a] [p]laintiff may prevail in a TDCPA violation if the creditor violates the Tex. Prop. Code 51.002." (doc. 26 at 3.) They contend that Defendant violated § 51.002 of the Texas Property Code because they never received "the notice requirements under Tex. Prop. Code 51.002(b)," or the "notice of right to cure the default . . . as required under Tex. Prop. Code 51.002(d)." (*Id.*) The amended complaint fails to identify any specific TDCPA provision that Defendant violated, however. This failure alone warrants dismissal of their TDCPA claim. *See Luna v. Bank of America, N.A.*, No. 3:15-CV-475-L-BH, 2015 WL 11120875, at *8 (N.D. Tex. Nov. 9, 2015), *adopted by* 2016 WL 158128 (N.D. Tex. Jan. 12, 2016) (dismissing a TCDPA claim for failure to state a claim when the plaintiff failed to identify a specific provision that the defendant allegedly violated); *see Wilson v. Wells Fargo Bank, N.A.*, No. 3:13-CV-2257-O, 2014 WL 815352, at *7 (N.D. Tex. Mar. 3, 2014) (finding dismissal of Plaintiff's TDCPA claim was warranted where he did not identify the specific provisions of §§ 392.303(a) or 392.304(a) or a particular "prohibited practice" that the defendant allegedly violated).

Even if Plaintiffs had identified a specific provision under the TDCPA, they do not allege that Defendant employed any threats, coercion, oppression, harassment, abuse, unconscionable means, or fraudulent, deceptive or misleading misrepresentations in connection with the collection

9

of a debt.[7] *See Coleman v. Bank of Am., N.A.*, No. 3:11-CV-430-G, 2011 WL 2516169, at *3 (N.D. Tex., May 27, 2011) (dismissing TDCPA claim where the plaintiff did not identify specific acts prohibited by the TDCPA); *Holley v. Bank of Am., N.A.*, No. 3:10-CV-2261-B, 2011 WL 1303252, at *2 (N.D. Tex. Apr. 4, 2011) (dismissing TDCPA claim where the plaintiff failed to specifically point out any threats, prohibited actions, or false or deceptive statements attributable to the defendant). Plaintiffs' TDCPA claim should be dismissed for failure to state a claim.

D.  **Monetary Relief & Attorney's Fees**

Defendant further contends that Plaintiffs' requests for monetary relief and attorney's fees should be dismissed because they state no cause of action or identify any legal basis for such relief. (doc. 28 at 17-18.)

Here, Plaintiffs seek monetary relief, including statutory damages, actual damages, compensatory damages, punitive damages, court costs, pre- and post-judgment interest, and "[a]ll other relief both general and special, legal and equitable" to which Plaintiffs may be justly entitled. (doc. 26 at 5.) They also seek reasonable and necessary attorney's fees. (*Id.*)[8]

---

[7] To the extent Plaintiffs allege that their failure to receive the "required notice[s]" under the Texas Property Code constitutes conduct prohibited by the TDCPA, their claim still fails to state a claim because the TDCPA "does not prevent a debt collector from . . . exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings." Tex. Fin. Code Ann. § 392.301(b)(3); *see also Rucker v. Bank of Am., N.A.*, 806 F.3d 828, 831 (5th Cir. 2015)(concluding that where the mortgage was in default and the mortgage servicer had retained its contractual right to foreclose, the servicer did not violate the TDCPA by threatening the mortgagor with foreclosure prior to issuing the statutorily required notice of acceleration). The amended complaint also fails to state a claim against Defendant for lack of notice under Tex. Prop. Code §§ 51.002(b) and (d) because they concede that Defendant provided notice, and service of notice under Texas law "is complete when the notice is sent via certified mail . . . . There is no requirement that [a plaintiff actually] receive the notice." *See Martins*, 722 F.3d at 256 (citing Tex. Prop. Code § 51.002(e)).

[8] In their original complaint, Plaintiffs asserted a claim for attorney's fees under §§ 37.009 and 38.001(8) of the Texas Civil Practices and Remedies Code. (doc. 1-4. at 7.) Section 37.009 provides that a "court may award costs and reasonable and necessary attorney's fees as are equitable and just" for any action brought under the Texas Declaratory Judgments Act. *See* Tex. Civ. Prac. & Rem. Code § 37.009. Section 38.001(8) similarly allows recovery of attorney's fees in a breach of contract suit so long as the party prevails and recovers damages on its breach of contract claim. *See* Tex. Civ. Prac. & Rem. Code § 37.009; *see also MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660, 666 (Tex. 2009).

Because all of Plaintiffs' substantive claims are subject to dismissal on the merits, they are not entitled to any monetary relief. Additionally, because their breach of contract claim is subject to dismissal on the merits, they are not entitled to attorney's fees under the Texas Civil Practices and Remedies Code. *See Ainsworth v. Wells Fargo Home Mortg., Inc.*, No. 3:14-CV-1942-M, 2016 WL 1165919, at *9 (N.D. Tex. Feb. 24, 2016), *adopted by* 2016 WL 1161993 (N.D. Tex. Mar. 23, 2016) (denying monetary relief and attorney's fees when all of the plaintiff's claims were subject to denial on the merits). Accordingly, Defendant's motion to dismiss Plaintiffs' request for monetary relief and attorney's fees should be granted.

### E.   Injunctive Relief

The amended complaint initially states that Plaintiffs seek "injunctive relief," but does not specify the injunctive relief being sought. (doc. 26 at 1.) The Court may *sua sponte* dismiss this claim on its own motion so long as Plaintiffs receive notice and the opportunity to respond. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (citing *Shawnee Int'l., N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984)). The fourteen-day time frame for filing objections to a recommended dismissal provides Plaintiffs with notice and an opportunity to respond. *See Ratcliff v. Coker*, No. 9:08cv127, 2008 WL 4500321, at *3 n. 1 (E.D. Tex. Sept. 26, 2008).

To obtain injunctive relief, a plaintiff "is required to plead and prove, inter alia, 'a substantial likelihood of success on the merits.'" *Jackson v. Fed. Home Loan Mortg. Corp.*, No. 4:11-CV-507-A, 2011 WL 3874860, at *3 (N.D. Tex. Sept. 1, 2011) (citing *DSC Commc'ns Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996)). Because Plaintiffs' substantive claims are subject to dismissal on the merits, they cannot establish any likelihood of success on the merits. *See Jackson*,

11

2011 WL 3874860, at *3.  Defendant notes that the amended complaint "states in its introduction that Plaintiffs seek 'injunctive relief'" and "has no other references to, and no request for, injunctive relief," but it does not expressly move to dismiss a possible claim for injunctive relief.  (doc. 28 at 7 n.1.)  Nevertheless, to the extent the amended complaint includes a claim for injunctive relief, the Court should *sua sponte* dismiss based on Plaintiffs' failure to state a viable claim for relief. *See Carroll*, 470 F.3d at 1177; *Ratcliff*, 2008 WL 4500321, at *3 n. 1.

### III.  OPPORTUNITY TO AMEND

Notwithstanding a plaintiff's failure to plead sufficient facts, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are willing or unable to amend in a manner that will avoid dismissal." *In re Am. Airlines, Inc., Privacy Litig.*, 370 F. Supp. 2d 552, 567-68 (N.D. Tex. 2005) (citing *Great Plains Trust Co. V. Morgan Stanley Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)).  Nevertheless, courts may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond, and the plaintiff has had ample opportunity to amend the complaint. *See Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995) (noting passage of 327 days). Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, Plaintiffs were previously afforded an opportunity to amend, and they filed an amended complaint.  The amended complaint does not address any of the deficiencies identified in their original complaint and again fails to state a claim upon which relief can be granted. (*See* doc. 26.)  They also failed to respond to Defendant's motion to dismiss despite being invited to do so by

12

the Court. (*See* doc. 30.) Because it appears that Plaintiffs have alleged their best case, their claims should therefore be dismissed with prejudice without further opportunity to amend. *See Rodriguez*, 66 F. 3d at 97 (affirming denial of opportunity to amend and dismissal with prejudice when *pro se* plaintiff failed to amend their complaint to state a claim upon which relief may be granted and also failed to respond to a motion to dismiss after being instructed by the court); *see also Nieman v. City of Dallas*, 2015 WL 5613354, at *4 (N.D. Tex. Sept. 24, 2015).

## IV. RECOMMENDATION

Defendant's motion to dismiss should be **GRANTED**, and all of Plaintiffs' claims should be **DISMISSED with prejudice** for failure to state a claim.

**SO RECOMMENDED** on this 13th day of June, 2019.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on the parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific findings or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglas v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE